**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CAMILLE DEANN ARMS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:18-CV-00487-RAS** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Camille Arms initiated this civil action pursuant to Social Security Act Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the action dismissed with prejudice.

The Report and Recommendation of the Magistrate Judge (Dkt. No. 17), which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation (Dkt. No. 18). Specifically, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to argue the significance of the application of an improper legal standard to evaluate severe impairments. *Id.* at 3. Plaintiff further objects to the Magistrate Judge's conclusion that the opinion of the consultative examiner, Dr. Kadakia, supported the ALJ's Residual Functional Capacity (RFC)

1

determination because Plaintiff contends the ALJ ignored certain limitations considered by Dr. Kadakia. *Id*. at 3–4.

Here, the Magistrate Judge noted that Plaintiff had not explained the significance of the slightly different wording used by the ALJ versus the Fifth Circuit standard proposed by Plaintiff. (Dkt. No. 17, at 7.) Plaintiff's objections do not address this slight difference in word choice, but instead argue that Plaintiff has been prejudiced by the application of an improper legal standard. (Dkt. No. 18, at 3.) The Magistrate Judge fully considered this argument and discussed the record evidence regarding the severity of Plaintiff's impairments. (Dkt. No. 17, at 8–11.) Specifically, the Magistrate Judge noted how the record evidence was fairly incorporated into the ALJ's RFC determination, including the opinions of Plaintiff's treating physician, the consultative examiner, and Plaintiff's own statements regarding her symptoms. *Id*. Plaintiff's objections reiterate this evidence to suggest a different conclusion should be had. Plaintiff specifically raises an objection to the consideration of Dr. Kadakia, stating that Plaintiff does not understand how his opinions support the ALJ's RFC finding and that the ALJ ignored certain limitations described by Dr. Kadakia. (Dkt. No. 18, at 3–4.)

Dr. Kadakia was just one of the sources considered by the ALJ and reviewed by the Magistrate Judge. The Magistrate Judge noted that the ALJ considered Dr. Kadakia's opinions who "found that with regards to her cirrhosis, it is likely due to hepatitis C combined with alcoholism" and "that Dr. Kadakia did not preclude claimant from performing work nor from being able to move around, which supports his RFC determination." (Dkt. No. 17, at 9.) The Magistrate Judge further noted that this opinion was consistent with an opinion of Plaintiff's treating physician, Dr. Scribner, who "reported Plaintiff to have cirrhosis of the liver and hepatic encephalopathy," but found that "as of October 2015, Plaintiff had never been treated for

hepatitis C." *Id.* The Magistrate Judge concluded that these opinions were consistent with the record evidence that Plaintiff is now in remission for her hepatitis C and that Plaintiff no longer uses drugs or alcohol. *Id.* As noted by the Magistrate Judge, these opinions were incorporated into the ALJ's RFC determination. Plaintiff's arguments regarding specific vocational limitations opined by Dr. Kadakia were not raised in Plaintiff's briefing and are therefore waived. *See Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."). The Court finds no error in the Magistrate Judge's discussion of the record evidence, including Dr. Kadakia's opinions, as considered by the ALJ in determining the severity of Plaintiff's impairments.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this the 31st day of January, 2020.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE